IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN MOSELEY, | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. ELH-18-828 |
| STEPHANY YOUNG, | * | |
| WALTER CLOSSON, ESQ., | | |
| JUDGE RICHARD S. BERNHARDT, | * | |
| Defendants | * | |

## MEMORANDUM

Plaintiff Steven Moseley, who is self represented, has filed a "Petition To Vacate Judgment As Per FRCP 60(B)(4)" (ECF 1), which he has amended on two occasions. *See* ECF 4; ECF 8. The suit includes numerous exhibits. Moseley alleges that his due process rights were violated by the Circuit Court for Howard County during child support proceedings in the case of *Howard County Dept. Soc. Services, et al. v. Moseley,* Case No. 13-C-11-087194 (Howard Co. Cir Ct.).[1] Moseley seeks injunctive and declaratory relief prohibiting the enforcement and a collection of child support and declaration that the Howard County Circuit Court judgment is "void *ab initio*." ECF 4 at 1; *id.* at 10.

Defendants Walter Closson, Esquire and Judge Richard S. Bernhardt (the "State Defendants") have moved to dismiss.[2] ECF 10. It is supported by a Memorandum (ECF 10-1) (collectively, "Motion") and exhibits.

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/inquiry (last reviewed July 5, 2018).

[2] Defendant Stephany Young has not been served. ECF 15. Had service occurred, Young would be entitled to dismissal for the reasons set forth herein. Given the outcome of this case, Moseley's Motion for Additional Time for Service of Process on Judge Bernhardt (ECF 13) is denied, as moot.

Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 11, 2018, the Clerk of Court informed Moseley that a dispositive motion had been filed; that Moseley had seventeen days in which to file a written opposition to the motion; and that if Moseley failed to respond, his claim could be dismissed, without further notice. ECF 12. Moseley failed to respond, and the time for doing so has expired.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, the Motion shall be GRANTED and this case shall be closed.

## I. Standard of Review

In reviewing a complaint in light of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

Nevertheless, the Supreme Court has explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). However, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent

with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570).

## II. Discussion

Defendant Closson, now retired, was an attorney in the Office of the Maryland Attorney General, who represented the Howard County Department of Social Services ("DSS"), Office of Child Support. *See* ECF 10-4, Decl. of Karen Rohrbaugh, Supervising Attorney; ECF 1-2 at 14. While so employed, Closson was an employee of the State of Maryland. *Id.* He was involved in child support proceedings involving Stephany Young, the mother of Moseley's daughter, born in 2001. ECF 8-1 at 46.

Moseley seeks injunctive and declaratory relief prohibiting the enforcement and collection of child support and declaring void the judgment issued by the Circuit Court for Howard County. ECF 4 at 10. Moseley claims that his federal due process rights were violated by the misconduct of Circuit Court Judge Richard S. Bernhardt, who allegedly ignored Moseley's request for a hearing during the child support proceedings. *See* ECF 8.

Moseley's complaint raises the same claims presented in his previous federal action, filed January 13, 2017, wherein Moseley alleged that he did not receive notice via first-class mail of a hearing before an appointed master on the question of child support until after the hearing. In that action, *Moseley v. Young, et al.,* Civil Action JKB-17-116 (D. Md.), Moseley stated that he filed an exception to the master's recommendation on child support and requested a hearing because his lack of employment and "other evidence relevant to the case . . . would have [allegedly] resulted in a major difference in the calculation of the child support award." *Id.*, ECF 1 at 4. This action was voluntarily dismissed without prejudice on December 21, 2017, prior to initiation of the instant case.

Here, the State Defendants argue that all claims against them are subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, pursuant to the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Further, they argue that they are immune from suit. Most compelling, however, is their argument that Moseley's action is barred under Rule 12(b)(6) because it is untimely.

An outline of the State court proceedings follows.[3] Moseley was sued by the Howard County Department of Social Services and Stephany L. Young in a paternity action filed on June 20, 2011. *See Howard County Dept. Soc. Services, et al. v. Moseley,* Case No. 13-C-11-087194 (Howard Co. Cir Ct.).[4] A July 29, 2011 docket entry notes Moseley was served with the complaint on July 25, 2011. Moseley filed a counter-complaint on August 24, 2011. *See id.* at Docket Entry of August 24, 2011. A magistrate (master) held a hearing on March 5, 2012 and/or March 8, 2012, and entered recommendations in the matter, to which Moseley filed exceptions. *See id.* at Docket Entries of March 5, 2012, March 8, 2012, and March 22, 2012. DSS filed a motion to dismiss Moseley's exceptions. *See id.* at Docket entry of March 29, 2012; ECF 8-1 at 47.

---

[3] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see* Fed. R. Evid. 201(b)(2) (stating that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, __ U.S. __, 132 S. Ct. 115 (2011); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[4] *See* http://casesearch.courts.state.md.us/casesearch/inquiry (last reviewed July 5, 2018).

As noted in Judge Bredar's Memorandum and Order of December 13, 2017, in *Moseley v. Young, et al.*, Civil Action No. JKB-17-116, 2017 WL 6415269 (D. Md. Dec. 13, 2017), Moseley fully informed the Circuit Court that he did not receive notice, via first-class mail, of the hearing before the appointed master on the question of child support until after the hearing. Therefore, on March 22, 2012, he filed an exception to the master's recommendation and requested a hearing. DSS, as noted, moved to dismiss the exceptions on March 29, 2012. Judge Bernhardt did not rule on Moseley's exception or provide a hearing. Instead, he entered an order for child support on April 9, 2012, and dismissed Moseley's exception on April 18, 2012.

Moseley noted an appeal to the Maryland Court of Special Appeals, which issued an unreported opinion on May 28, 2013. ECF 8-1 at 44. The appellate court concluded that Judge Bernhardt did not commit reversible error in issuing a child support order before ruling on exceptions. Therefore, it affirmed. *Id.* at 45.

In his Memorandum and Order, Judge Bredar found "no authority that requires an in-person, in-court hearing prior to the entry of a child-support order for the purpose of satisfying federal due process rights." JKB-17-116, ECF 14 at 6 (citing *Boddie v. Connecticut,* 401 U.S. 371, 378 (1971)). However, Judge Bredar granted Mosely an opportunity to file an amended complaint by January 19, 2018, with sufficient factual content to show a violation of his federal due process rights. *Id.* at 7. Instead, Moseley opted to dismiss the action, without prejudice. ECF 15. Judge Bredar granted that motion on December 21, 2017. ECF 16.

Moseley filed the instant action on March 20, 2018. Despite the guidance offered in Judge Bredar's Memorandum and Order, he again argues that Judge Bernhardt violated his constitutional due process rights, by entering an order before ruling on his exceptions.[5] Moseley

---

[5] Presumably, Moseley's claim is predicated in part on Maryland Rule 9-208(h)(1)(A), which then provided that "the court shall not direct the entry of an order or judgment based upon

5

also alleges that Judge Bernhardt denied him due process by failing to grant the hearing he requested.[6] As a result, Moseley argues the State court judgment is void. ECF 4 at 1-2.

The State Defendants argue that Moseley's claims are time-barred. They explain that Moseley was on notice of his purported cause of action for violation of his due process rights no later than April 24, 2012, when he filed his motion to vacate the child support order, yet delayed filing the instant action until March 20, 2018, some six years later. ECF 10 at 2, 14.

### III. Discussion

"A district court may dismiss a [due process] claim as time barred under Rule 12(b)(6) . . . when the untimeliness of the claim is plain from the face of the complaint." *Bailey-El v. Hous. Auth. of Baltimore City*, 686 F. App'x 228, 229 (4th Cir. 2017) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) and *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005)). Moseley's claims are subject to a three-year statute of limitations. *Bailey-El*, 686 F. App'x at 229 (citing Md. Code, Cts. & Jud. Proc. § 5-101; *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014)).

Moseley's action is time-barred. For this reason, the State Defendants' Motion to Dismiss shall be granted, in a separate Order to follow.

Date: July 12, 2018

/s/
Ellen L. Hollander
United States District Judge

---

the master's recommendations until the expiration of the time for filing exceptions, and if exceptions are timely filed, until the court rules on the exceptions."

[6] As noted by Judge Bredar, Moseley essentially contends that Judge Bernhardt ignored Maryland Rule 9-208(i)(2), which states: "A hearing on exceptions, if timely requested, shall be held within 60 days after the filing of the exceptions unless the parties otherwise agree in writing." Civil Action JKB-17-116, ECF 14 at 2.